

09 SEP -3 AM 10:57

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BLUESTONE COAL CORPORATION,
a West Virginia corporation

Plaintiff,

vs.

NATIONAL CITY COMMERCIAL
CAPITAL COMPANY, LLC, an Indiana
limited liability company

Defendant.

Case No. 1:09cv648

Judge ____________________

**COMPLAINT**

Count One

1. Plaintiff is incorporated under the laws of the State of West Virginia.

2. Defendant is a limited liability company organized and existing under the laws of the State of Indiana.

3. This is an action for declaratory judgment and other relief pursuant to 28 U.S.C. § 2201 for the purpose of determining a question of actual controversy between the parties, as more fully appears below.

4. Jurisdiction of this action is based upon 28 U.S.C. § 1332(a), since diversity of citizenship exists between the parties, and since the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Hamilton County, Ohio.

6. There is now existing between the parties involved in this proceeding an actual justiciable controversy in which the Plaintiff is entitled to have a declaration of its rights and further relief due to the facts, conditions and circumstances more fully set forth below.

7. The parties entered into a Master Lease Agreement ("the Lease") dated as of September 27, 2007, with the Defendant as Lessor and Plaintiff as Lessee. The transaction embodied in the Lease is commonly referred to as a "Finance Lease," a form of secured transaction under the provisions of Article 2A of the Uniform Commercial Code, codified as Ohio Rev. Code § 1310.01(A)(7). A copy of the Lease is attached hereto as Exhibit A and is incorporated herein by reference as a part of the Complaint.

8. Pursuant to the provisions of the Lease, the Plaintiff obtained various pieces of equipment. Rental Schedule No. 102793000 was executed by the Plaintiff on September 27, 2007, and requires twelve (12) monthly payments of $120,048.79 each, followed by 48 monthly payments of $92,496.59 each, plus taxes, beginning on October 28, 2007. A copy of said Rental Schedule is attached hereto as Exhibit B and is incorporated herein by reference as a part of the Complaint.

9. Pursuant to the provisions of the Lease, the Defendant obtained various additional pieces of equipment. Rental Schedule No. 108134000 was executed by the Plaintiff on February 4, 2008, and requires thirty-six (36) monthly payments of $185,706.14 each, beginning March 5, 2008. A copy of said Rental Schedule is attached hereto as Exhibit C and is incorporated herein by reference as a part of the Complaint.

10. On or about May 6, 2009, the Plaintiff was a party to a merger with Mechel OAO ("Mechel"), and personnel from Mechel assumed control of the Plaintiff.

11. The Lease provides the following:

> Lessee shall be in default hereunder if: . . . Lessee undergoes a change in ownership or control of any type, that in the Lessor's judgment, results in a deterioration of Lessee's creditworthiness.

Lease, §14(a)(vii).

12. As is usual and customary in commercial transactions such as that of the merger of the Plaintiff and Mechel, the parties requested Defendant's consent to the changed ownership and control of the Plaintiff, but the Defendant's representatives refused to meet with the Plaintiff with regard to the requested consent.

13. By an undated letter, the Defendant, relying upon Section 14(a)(vii) of the Lease, notified the Plaintiff that Plaintiff was in default, and declared all of the sums secured under the Lease to be immediately due and payable. A copy of the Notice of Default is attached hereto as Exhibit D and is incorporated herein by reference as a part of the Complaint.

14. Upon receipt of the Notice of Default, the Plaintiff (a) immediately responded, (b) refuted the Defendant's assertions that the change in ownership constituted a deterioration of the Plaintiff's creditworthiness, and thus an event of default under the Lease, and (c) requested a meeting with the Defendant to demonstrate its financial stability and credit standing. A copy of the Plaintiff's response dated June 5, 2009, is attached hereto as Exhibit E and is incorporated herein by reference as a part of the Complaint.

15. Notwithstanding Plaintiff's request, the Defendant has refused to meet with the Plaintiff or to withdraw its Notice of Default.

16. As is set forth in Exhibit E, the merger of the Plaintiff with Mechel and change of control not only did not cause a deterioration of the Plaintiff's creditworthiness, but improved and enhanced both the Plaintiff's financial condition and its creditworthiness.

17. The Plaintiff asserts that the declaration of a default and the other actions of the Defendant constitute a breach of the Lease because they were not undertaken in good faith.

18. The Plaintiff has no adequate remedy at law.

19. The equipment at issue in the Lease is unique.

20. The Plaintiff requests that this Court: (a) determine that the actions of the Defendant amounted to a breach of the Lease, (b) declare that Plaintiff has not defaulted under the Lease, (c) reinstate the Lease, (d) compel the Defendant to comply with the terms of the Lease, and (e) under Ohio Revised Code §§ 1310.54(B)(2) and 1310.67, grant the Plaintiff an award of specific performance with respect to the Lease.

Count Two

21. The Plaintiff incorporates by reference the allegations of Count One hereof verbatim as if the same were fully set forth herein.

22. The provisions of Section 2-609 of the Uniform Commercial Code, codified as Ohio Rev. Code § 1310.40(B), provide the following:

> If reasonable grounds for insecurity arise with respect to the performance of either party, the insecure party may demand in writing adequate assurance of due performance...

23. The Defendant lacks any reasonable grounds for asserting or claiming its insecurity under the Lease, and has failed to demand adequate assurance of due performance under Ohio Rev. Code § 1310.40(B).

24. By reason of its actions, the Defendant has breached the duty of good faith and fair dealing implied in every such contract under Ohio Rev. Code § 1301.09.

25. The Defendant's actions and conduct constitute a repudiation of the Lease, and by reason thereof the Defendant's conduct substantially impairs the value of the Lease to the Plaintiff.

26. The Plaintiff has, for a commercially reasonable time, awaited the Defendant's retraction of the Notice of Default and the continuing performance of the Lease by the Defendant, during which time the Plaintiff has continued to perform.

27. The terms of the Lease do not provide a remedy to the Plaintiff upon breach and repudiation of the Lease by the Defendant.

28. The Plaintiff requests that this Court: (a) determine that the actions of the Defendant amounted to a breach of the Lease, (b) declare that Plaintiff has not defaulted under the Lease, (c) reinstate the Lease, (d) compel the Defendant to comply with the terms of the Lease, and (e) under Ohio Revised Code Ann. §§ 1310.54(B)(2) and 1310.67, grant the Plaintiff an award of specific performance with respect to the Lease.

Count Three

29. The Plaintiff incorporates by reference the allegations of Counts One and Two hereof verbatim as if the same were fully set forth herein.

30. By reason of the actions of the Defendant, the Plaintiff has been forced to commence this proceeding and has incurred attorneys' fees and other costs in and about the same.

31. The Plaintiff is entitled to recover of and from the Defendant its attorneys' fees and costs incurred in and about this proceeding under Ohio Revised Code § 1310.65(C).

WHEREFORE, the Plaintiff prays for relief as follows:

(1) That this Court exercise its authority under the provisions of the Federal Declaratory Judgment act, 28 U.S.C. § 2201, et seq.;

(2) That the Court declare that Plaintiff has not defaulted under the Lease;

(3) That the Court order the reinstatement of the Lease by the Defendant;

(4) That the Defendant be compelled by this Court to comply with the terms of the Lease;

(5) That the Plaintiff receive an order directing specific performance of this Lease by the Defendant;

(6) That the Plaintiff recover of and from the Defendant its attorneys fees and costs incurred in this action; and

(7) That the Court award Plaintiff such other relief as it deems appropriate.

Respectfully submitted,

Frank A. Ray (0007762)
J. Anthony Kington (0021964)
Chester Wilcox & Saxbe, L.L.P.
65 East State Street, Suite 1000
Columbus, Ohio 43215
Telephone: (614) 221-4000
Facsimile: (614) 221-4012
Email: fray@cwslaw.com
Email: tkington@cwslaw.com

Attorneys for Plaintiff Bluestone Coal Corporation

OF COUNSEL:
Stephen L. Thompson, Esquire
J. David Cecil, Esquire
Barth & Thompson
P. O. Box 129
Charleston, West Virginia 25312
Telephone: (304) 342-7111
Facsimile: (304) 342-6215
Email: sthompson@barth-thompson.com